IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

March 27, 2024 04:12 PM
SCT-Civ-2021-0004
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

**JENSEN KEN ALEXANDER**
    Appellant/Defendant,

v.

**GOVERNMENT OF THE VIRGIN ISLANDS**
**and WYNNIE TESTAMARK in her capacity as**
**Director of the VIRGIN ISLANDS BUREAU**
**OF CORRECTIONS**
    Appellee/Plaintiff.

)
)
)
)
)
)
)
)

**S. Ct. Civ. No. 2021-0004**
Re: Super. Ct. Misc. No. ST-2018-MC-00081
(STT)

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John
Superior Court Judge: Hon. Denise Francois

Considered: July 13, 2021
Filed: March 26, 2024

Cite as: 2024 VI 16

**BEFORE:**     **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN,** Associate Justice.

**APPEARANCES:**

    **Jensen K. Alexander**
    Big Stone Gap, Va.
        *Pro Se*

    **Michael R. Francisco, Esq.**
    Assistant Attorney General
    St. Thomas, U.S.V.I.
        *Attorney for Respondent.*

*Alexander v. Gov't of the V.I.*          2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
2 *of* 22

## OPINION OF THE COURT

**CABRET, Associate Justice.**

¶ 1    Jensen Alexander ("Alexander") appeals from the Superior Court's November 23, 2020, order which denied his petition for writ of habeas corpus. For the reasons that follow, this Court affirms the Superior Court's order denying Alexander's petition, because the Superior Court correctly ruled that Alexander's right to a speedy trial was not violated.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

¶ 2    Alexander was arrested on October 14, 2009, for rape and murder, among other crimes. The People ("Prosecution") filed charges against Alexander in the Superior Court the following day. At his arraignment on October 22, 2009, Alexander pled not guilty and requested a trial by jury. He did not request a speedy trial.

¶ 3    The initial judge in the case recused herself on November 3, 2009. The case was reassigned to a second judge, who also recused himself. The Superior Court then assigned Judge Michael Dunston to the case on November 23, 2009. On November 25, 2009, Judge Dunston scheduled a pretrial conference for January 11, 2010, with jury selection to begin on February 16, 2010.

¶ 4    On January 7, 2010, Alexander's codefendant, Katanio Peets ("Peets"), filed a motion and memorandum of law opposing the joinder of his case and Alexander's case for trial. The following day, Alexander filed a motion for leave to hire an investigator.

¶ 5    The Superior Court held a pretrial conference as scheduled on January 11, 2010. During the hearing, the Superior Court asked the parties whether they were ready for jury selection on February 16, 2010. The Prosecution informed the Superior Court that it was not ready for trial

*Alexander v. Gov't of the V.I.*       2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
3 *of* 22

because DNA testing being conducted by the FBI was not completed. In addition, the Prosecution stated that it needed time to respond to Peets's recently filed motion to sever. The Superior Court then scheduled a second pretrial conference for March 15, 2010, and scheduled jury selection for April 12, 2010. The Prosecution filed a motion opposing Peets' motion to sever on January 14, 2010. Then, on January 26, 2010, Alexander filed a motion to modify the conditions of his bail.

¶ 6     On January 29, 2010, the Superior Court denied without prejudice Alexander's motion for leave to hire an investigator. The Superior Court denied Peets' motion to sever on February 19, 2010. On March 15, 2010, the Superior Court held its second scheduled pretrial conference, where it granted Alexander's motion to hire an investigator. During the conference, the Prosecution informed the Superior Court that it was still waiting for the DNA analysis test results from the FBI but expected to receive the test results by May 2010. Four days later, on March 19, 2010, the Superior Court scheduled a third pretrial conference for May 10, 2010, jury selection for June 7, 2010, and trial to begin during the week of June 14-18, 2010.

¶ 7     On April 6, 2010, Alexander filed a motion for modification of the conditions of pretrial release. On April 13, 2010, the Superior Court ordered the Prosecution to respond to Alexander's motion no later than April 20, 2010. At the third pretrial conference, held as scheduled on May 10, 2010, the Prosecution informed the Superior Court that the FBI wanted to perform additional testing which would not be completed until mid-July 2010. The attorneys for Peets and Alexander indicated to the Superior Court they would require additional time to allow their own experts to examine any forensic reports produced by the FBI. A fourth pretrial conference was then set for August 30, 2010, with jury selection to begin September 27, 2010.

*Alexander v. Gov't of the V.I.*          2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
4 *of* 22

¶ 8    The August 30, 2010, pretrial conference was canceled due to Hurricane Earl, and rescheduled for September 8, 2010. The Superior Court, at the September 8, 2010, conference, granted Alexander's motion for modification of his conditions of pretrial release.

¶ 9    On September 14, 2010, the Prosecution filed a motion to continue jury selection and trial due to the unavailability of the territory's medical examiner. On September 20, 2010, the Superior Court scheduled a fifth pretrial conference for February 28, 2011, and rescheduled jury selection from September 27, 2010, to March 14, 2011.

¶ 10    On February 24, 2011, Alexander's counsel filed a motion for discovery. At the February 28, 2011, pretrial conference the Superior Court ordered discovery to be completed by March 7, 2011, so that jury selection could begin on March 14, 2011. Trial was scheduled for March 28-30, 2011. On March 2, 2011, Alexander filed a *pro se* motion to change counsel, alleging a breakdown in communication. On March 14, the Superior Court conducted the jury *voir dire*. On that day, Alexander's counsel filed a motion to continue the jury selection and the trial.[1] The Superior Court denied Alexander's motion for new counsel without prejudice and kept the trial scheduled for March 28, 2011. Nevertheless, on March 18, 2011, Alexander filed a motion to hire a forensic pathologist. On March 23, 2011, the Superior Court granted Alexander's motion and discharged the jury selected on March 14, 2011. The Superior Court then set its sixth pretrial conference for May 2, 2011, with jury selection scheduled for July 5, 2011.

¶ 11    Alexander filed a motion for additional discovery on April 26, 2011. The Superior Court, on May 16, 2011, reaffirmed that jury selection would begin on July 5, 2011, with trial

---

[1] The reason for this filing is not noted in the record.

*Alexander v. Gov't of the V.I.*     2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
5 *of* 22

commencing the following day. But on June 23, 2011, Alexander filed another motion to continue. On July 1, 2011, the Superior Court, in response to Alexander's motion, continued jury selection to August 29, 2011, and set its seventh pretrial conference for August 5, 2011. On August 3, 2011, two days before the pretrial conference, Alexander filed a motion in limine to exclude Peets' testimony and outstanding discovery. At the pretrial conference on August 5, 2011, the Prosecution indicated it would need time to respond to the motion in limine. The Prosecution also noted it was still waiting for DNA evidence from the FBI. The Superior Court then continued jury selection to October 24, 2011, citing its concern that neither side was fully ready for trial, and set the eighth pretrial conference for October 5, 2011. The Superior Court received the Prosecution's response to Alexander's motion in limine on August 29, 2011, and Alexander's reply on September 7, 2011.

¶ 12     At the October 5, 2011, pretrial conference, Alexander filed a motion to dismiss under the federal Speedy Trial Act, 18 U.S.C. § 3161. On October 19, 2011, the Superior Court denied Alexander's motion to dismiss and the motion in limine. The Superior Court, at the same conference, granted the Prosecution's request for a continuance. The Superior Court required all DNA evidence to be obtained from the FBI by October 28, 2011. The Superior Court continued jury selection to January 23, 2012,[2] and set a pretrial conference for December 5, 2011. The pretrial conference and jury selection both took place as scheduled. Alexander's case was tried from January 30 to February 3, 2012. Alexander was found guilty of First-Degree Murder, First-Degree Aggravated Rape, First Degree Assault, and Carrying or Using a Dangerous Weapon During the Commission or Attempted Commission of a Crime of Violence – Rape. He was sentenced to life

---

[2] Jury selection was originally set for January 9, 2012, but was rescheduled for unknown reasons.

*Alexander v. Gov't of the V.I.*          2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
6 *of* 22

in prison without the possibility of parole. This Court affirmed Alexander's convictions in *Alexander v. People*, 60 V.I. 486 (V.I. 2014).

¶ 13    On November 21, 2018, Alexander filed a petition for writ of habeas corpus in the Superior Court, alleging a violation of his speedy trial rights. 5 V.I.C. § 1301. The Superior Court reviewed and granted the writ on June 26, 2020. *See Blyden v. Gov't of the V.I.*, 64 V.I. 367, 375 (V.I. 2016) (5 V.I.C. § 1304 directs the Superior Court "to grant the writ ... without delay, if it appears that the writ ought to issue."). The Superior Court required the Prosecution to file a return, which responds to the allegations in the petition for habeas corpus and becomes the principal pleadings in the proceedings; then required Alexander to file a traverse, which equates to an answer of the Prosecution's return. 5 V.I.C. § 1308; *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 312-13 (V.I. 2014); V.I. H.C.R. 2(e)-(f). Generally, "the Virgin Islands habeas corpus statutes ... require that the Superior Court hold an evidentiary hearing after it has concluded that a petitioner has established a prima facie case for relief and the respondent has filed a return." *Rivera-Moreno*, 61 V.I. at 314 (citing 5 V.I.C. § 1311); *see also* V.I. H.C.R. 2(d). However, the Superior Court denied Alexander an evidentiary hearing without prejudice as it did not find a hearing necessary. In the Virgin Islands, "the right to an evidentiary hearing is not absolute" and holding an evidentiary proceeding "is not necessary if the submissions before the Court... reveal no factual disputes that are material to disposition of the issues raised in the petition, and the court makes a written finding to that effect." *Cascen v. Gov't of the V.I.*, 74 V.I. 512, 517 (V.I. 2022). On November 23, 2020, the Superior Court denied habeas corpus relief by memorandum opinion and order and closed the case without an evidentiary hearing, after determining that Alexander failed to show that he was prejudiced by the delays in holding his trial. The Superior Court further found that "the reasons

*Alexander v. Gov't of the V.I.*     2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
7 *of* 22

for the delay weigh against Petitioner and... Petitioner not only did not make a showing that he was prejudiced in any way by the delay[s], but... in fact may have benefitted from [the delays]." *Alexander v. People*, Super. Ct. Crim No. ST-2018-MC-00081, 2020 V.I. Super 97U at 8 (V.I. Super. Ct. Nov. 23, 2020) (unpublished). Alexander timely filed his notice of appeal on December 17, 2020.

## II. JURISDICTION AND STANDARD OF REVIEW

¶ 14     This Court has jurisdiction over Alexander's appeal pursuant to title 4, § 32(a) of the Virgin Islands Code, which provides, in pertinent part, that: "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." "An order denying a petition for a writ of habeas corpus is a final order ... from which an appeal may lie." *Rivera-Moreno*, 61 V.I. at 292 (quoting *Suarez v. Gov't of the V.I.*, 56 V.I. 754, 758 (V.I. 2012)). Because the Superior Court's November 23, 2020, memorandum opinion and order denied Alexander's habeas corpus petition, this Court possesses jurisdiction over this appeal. *See Rivera-Moreno*, 61 V.I. at 293.

¶ 15     This Court exercises plenary review over the dismissal of a habeas corpus petition. *Id.* (citing *Mendez v. Gov't of the V.I.*, 56 V.I. 194, 199 (V.I. 2012)). "We engage in plenary review of 'all constitutional questions of law.'" *Francis v. People*, 63 V.I. 724, 733 (V.I. 2015) (citing *Carty v. People*, 56 V.I. 345, 354 (V.I. 2012)). This Court reviews the factors implicated in an alleged Sixth Amendment speedy trial violation *de novo*, and we review the Superior Court's findings of fact for clear error. *Francis*, 63 V.I. at 746.

*Alexander v. Gov't of the V.I.*      2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
8 *of* 22

### III. DISCUSSION

¶ 16    On appeal, Alexander argues the Superior Court erred when it denied his petition for habeas corpus. The Superior Court denied the petition because it found that (1) Alexander's arguments regarding the Speedy Trial Act, 18 U.S.C. § 3161, failed because the statute is inapplicable to the Virgin Islands, and (2) Alexander's detention did not violate his Sixth Amendment rights under the *Barker* factors.

¶ 17    As a preliminary matter, "[t]he Virgin Islands Legislature has not adopted the federal Speedy Trial Act and there is no speedy trial plan in place in the local court system." *Francis*, 63 V.I. at 745-46. For this reason, the Speedy Trial Act only applies in federal courts of the Virgin Islands, and "criminal defendants appearing before the Superior Court have a right to a speedy trial only under the Sixth Amendment." Therefore, this Court will summarily dispose of Alexander's federal Speedy Trial Act arguments. *See United States v. Ward*, 211 F.3d 356, 360 (7th Cir. 2000) ("The Sixth Amendment right to a speedy trial is similar to, but separate from, the right created by the Speedy Trial Act.") (citing *United States v. Koller*, 956 F.2d 1408, 1413 (7th Cir.1992)). Thus, the focus of this appeal is upon whether Alexander's right to a speedy trial under the Sixth Amendment was violated.

#### A.  Sixth Amendment Rights to Speedy Trial

¶ 18    The Sixth Amendment of the United States Constitution mandates that in all criminal prosecutions, "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In the Virgin Islands, a defendant's Sixth Amendment right to a speedy trial is applicable through § 3 of the Revised Organic Act. *Carty*, 56 V.I. at 364. The right to a speedy trial protects

*Alexander v. Gov't of the V.I.*                    2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
9 *of* 22

"the rights of the defendant which may be hampered by undue and oppressive incarceration prior to trial, anxiety and concern accompanying public accusation, and the possibility that a long delay will impair the ability of an accused to present a defense." *Id.* at 361 (citing *Klopfer v. North Carolina*, 386 U.S. 213, 221–22 (1967)). We apply a four-factor balancing test to determine whether there is a violation of the Sixth Amendment right to a speedy trial: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) and prejudice to the defendant." *Francis*, 63 V.I. at 746 (citing *Carty*, 56 V.I. at 364); *see Barker v. Wingo*, 407 U.S. 514, 530 (1972). On appeal, we analyze each of these factors *de novo* but review the Superior Court's findings of fact only for clear error. *Francis*, 63 V.I. at 746 (citing *Farrington v. People*, 55 V.I. 644, 649 (V.I. 2011)). Prejudice to the defendant is the most important of these factors. *Brown v. People*, 55 V.I. 496, 503 (V.I. 2011) (citing *Doggett v. United States*, 505 U.S. 647, 657 (1992)).

¶ 19    Because the time between Alexander's arrest and trial was approximately 27 months, the Superior Court found this length of delay to be presumptively prejudicial. The Superior Court then identified each delay and determined to which party each delay should be attributed. Of the 11 delays outlined by the court, two were attributed to the court, three were attributed to the Prosecution, and six were attributed to Alexander. Finding that none of the delays attributed to the Prosecution were deliberate attempts to delay the trial, the Superior Court concluded that the second *Barker* factor weighed against Alexander. The Superior Court did find that the third factor weighed in favor of Alexander -- because he filed a motion to dismiss on speedy trial grounds. However, the Superior Court also concluded that Alexander did not prove that he was prejudiced by the delays. Accordingly, the Superior Court held that Alexander was not entitled to the habeas

*Alexander v. Gov't of the V.I.*          2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
10 *of* 22

relief he was seeking and denied his petition. Because we engage in *de novo* review of the Superior

Court's application of facts to the law, we now conduct our own *Barker* analysis. See *Carty*, 56

V.I. at 364.

### 1. Length of Delay

¶ 20     The first step in this Court's review of the Superior Court's ruling is to determine the length

of the delay. The length of delay is measured "from the earlier period of the date of an arrest or

the filing of an [information, or complaint]," until the start of trial. *See Carty*, 56 V.I. at 365. This

factor acts as a threshold in the Sixth Amendment inquiry because "there must be a delay long

enough to be 'presumptively prejudicial.'" *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986)

(quoting *Barker*, 407 U.S. at 530). The longer the delay, the more "presumptively prejudicial" to

the rights of a defendant, and the more that weighs in favor of examining the remaining three

*Barker* factors. *Doggett*, 505 U.S. at 651–52; *Rivera v. People*, 64 V.I. 540, 582 (V.I. 2016). In

*Carty*, this Court recognized that a delay of over twelve months is "presumed to be sufficiently

prejudicial to require evaluation of the three remaining factors." *Francis*, 63 V.I. at 748 (quoting

*Carty*, 56 V.I. at 365).

¶ 21     In this case, Alexander was arrested on October 14, 2009, and his trial began on January

30, 2012, a delay of approximately 838 days, or 27.5 months. The length of delay exceeds the

length of delay that this Court found to be "presumptively prejudicial" in *Carty* and is therefore

sufficient to trigger an analysis of the three remaining *Barker* factors. *Carty*, 56 V.I. at 365; *see*

*also Doggett*, 505 U.S. at 652 & n.1 (post-accusation delay is presumptively prejudicial as it

approaches one year); *Francis*, 63 V.I. at 748 (an approximately 15 month delay required

examination of remaining *Barker* factors).

*Alexander v. Gov't of the V.I.*
S. Ct. Civ. No. 2021-0004
Opinion of the Court
11 *of* 22

2024 VI 16

## 2. Reason for the Delay

¶ 22    Now that we have determined that the delay is sufficiently lengthy to trigger a speedy-trial analysis, we must determine which party is "responsible for [the] delay[s] and why … [because] 'the reason for the delay impacts the weight given a particular delay.'" *Francis*, 63 V.I. at 748 (quoting *Doggett*, 505 U.S. at 657). Delays attributed to the Prosecution weigh in favor of Alexander's speedy trial claim, while delays attributed to Alexander, do not. *Rivera*, 64 V.I. at 582 (citing *Francis*, 63 V.I. at 748). However, as explained by the Supreme Court in *Barker*, different reasons for the delay must be weighed differently. *Barker*, 407 U.S. at 531. In our evaluation, deliberate attempts by the Prosecution to delay the trial in order to hamper the defense weigh heavily against the Prosecution. *Rodriguez*, 71 V.I. at 596 (citing *Loud Hawk*, 474 U.S. at 315). But neutral reasons such as negligence or overcrowded courts weigh less heavily against the Prosecution, and a valid reason, such as tracking down a missing witness, need not be given any weight at all. *Id.* Of course, the Prosecution bears the burden of justifying the delays. *Rodriguez*, 71 V.I. at 596.

¶ 23    The trial court record in this case includes 18 pages of docket entries and demonstrates that the Superior Court held at least 9 pretrial conferences and granted numerous continuances. "We must therefore review the procedural history of this case in detail to understand the nature and context of each continuance." See *Carty*, 56 V.I. at 361–64 (analyzing the "protracted procedural history" of the case). The Superior Court identified 11 individual delays and we analyze each below. Where there are multiple delays, caused by both parties or the Superior Court itself, this Court will list the delays and assign weight to each accordingly. *See Francis*, 63 V.I. at 748.

*Alexander v. Gov't of the V.I.*   2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
12 *of* 22

¶ 24    The first delay was 22 days long and occurred here because two judges had to recuse themselves from the case.[3] Considering that a judge must recuse himself when it is made to appear probable that a fair and impartial trial could not be had due to bias and prejudice, 4 V.I.C. § 284, "Disqualifications of judge"; *In re M.R.*, 64 V.I. 333 (V.I. 2016), and that "[t]he touchstone of recusal is the integrity of the judiciary," *United States v. Antar*, 53 F.3d 568, 573 n. 7 (3d Cir. 1995) (*overruled on other grounds*), we agree with the Superior Court that this minor administrative delay should not be given any weight at all in the Court's assessment. *Rodriguez*, 71 V.I. at 596 (citing *Loud Hawk*, 474 U.S. at 315; *Barker*, 407 U.S. at 531; *United States v. Frye*, 489 F.3d 201, 210 (5th Cir. 2007)). The recusals were calculated to ensure a fair and impartial trial and are valid reasons for a delay by the Superior Court. *Cf. Keller v. State*, 84 P.3d 1010, 1012 (Alaska Ct. App. 2004) (three judges' *sua sponte* recusals did not weigh in favor of defendant under their state speedy trial rule.)

¶ 25    The second delay was 55 days. Jury selection and trial were originally scheduled for February 16, 2010. On January 7, 2010, Alexander's co-defendant filed a motion to sever their cases and, on that same day, Alexander filed a motion for leave to hire an investigator. At a preliminary hearing on January 11, 2010, the Prosecution informed the Superior Court that it was not ready for trial as it was awaiting the results of DNA testing by the FBI, and that the DNA results would be ready by April 2010. Alexander's attorney also informed the court that the defense was still awaiting discovery from the Prosecution. The court then rescheduled jury selection to April 12, 2010, and directed the Prosecution to inform the FBI of the jury selection date. Despite

---

[3] From October 26, 2009, when the jury trial division received the case, until November 23, 2009, two judges recused themselves from the case before Judge Dunston received it.

*Alexander v. Gov't of the V.I.*       2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
13 *of* 22

the motions filed by Alexander and Peets, it appears that the court rescheduled jury selection to accommodate the Prosecution's anticipated date for receiving the DNA testing results, as evidenced by the court's instruction that the Prosecution inform the FBI of the upcoming trial date. We agree with the Superior Court that this delay can be attributed to the Prosecution, however, it only weighs slightly in favor of Alexander. See *Taylor v. State*, 162 So.3d 780, 785 (Miss. 2015) ("[D]elay due to wait for DNA evidence from FBI crime lab 'weigh[ed] very slightly, if at all, in favor of the defendant.'" (quoting *Gray v. State*, 728 So. 2d 36, 48 (Miss. 1998)).

¶ 26    The third delay was 63 days. At the March 15, 2010, pretrial conference the Prosecution informed the Court that it had received the fingerprint and hair analysis from the FBI but was still waiting for the DNA analysis and did not expect to receive those results until May 2010. On the same day, Alexander filed a renewed motion for leave to hire an investigator, which the Superior Court granted on April 19, 2020. Considering both the Prosecution's need for more time to secure the DNA evidence and Alexander's need for time to allow his investigator to investigate, the Superior Court judge rescheduled jury selection and trial for June 7, 2010, and June 14, 2010, respectively. We disagree with the Superior Court's conclusion that this delay should be attributed to Alexander and instead find that "this delay should not be attributed to either party, as neither was prepared to move forward with trial." *Francis*, 63 V.I. at 749.

¶ 27    The fourth delay was 112 days. At the pretrial conference on May 10, 2010, the Court rescheduled jury selection for September 27, 2010. The Prosecution informed the court that the FBI found some unidentified hairs that they wished to process, but that testing would not be complete until mid-July 2010. Alexander's co-defendant orally renewed his motion for bail, and the Prosecution stated that it had no objection. Alexander's attorney made a motion to modify the

*Alexander v. Gov't of the V.I.*        2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
14 *of* 22

conditions of his release by requesting the use of Alexander's bail monies to fund his electronic monitoring fees, and was instructed to file a written motion. The Superior Court attributed this delay to Alexander, but we disagree. Considering that the Prosecution informed the court that it did not object to the co-defendant's bail motion and Alexander never actually filed a motion, this delay is solely attributable to the Prosecution and its still outstanding DNA evidence from the FBI. This weighs slightly in favor of Alexander.

¶ 28    The fifth delay was 168 days. On September 1, 2010, the scheduled August 30, 2010, pretrial conference was rescheduled to September 8, 2010, to accommodate court closures due to Hurricane Earl. On September 8, 2010, the Superior Court granted Alexander's pre-trial release. For Sixth Amendment speedy trial purposes, delay due to a hurricane or other natural disaster in the Virgin Islands is not attributable to the defense, nor the Prosecution, nor the court. *See State v. Thomas*, 54 So. 3d 1, 27-28 (La. Ct. App. 2010) (Under the second *Barker* factor, "the delay caused by [hurricane] Katrina is not attributable to the defense or to the State..."); *Ussery v. State*, 596 S.W.3d 277, 286 (Tex. Crim. App. 2019), petition for discretionary review refused (Mar. 25, 2020), cert. denied, 141 S. Ct. 915 (2020) (additional delay following damage caused by Hurricane Harvey was "[a] valid delay that should not weigh against the State at all.") (quoting *State v. Wei*, 447 S.W.3d 549, 554 (Tex. Crim. App. 2014)).

¶ 29    On September 14, 2010, the Prosecution filed a motion to continue because its witness, the medical examiner, was on leave and would not return until after Jan 1, 2011. The Court granted the Prosecution's continuance and rescheduled jury selection for March 14, 2011. We agree with the Superior Court that this 5.5-month delay was caused by the Prosecution's inability to secure its own witness and must therefore be attributed to it. *See People v. Blash*, 2019 WL 856307, at *4

*Alexander v. Gov't of the V.I.*     2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
15 *of* 22

(V.I. Super. Ct. 2019) (placing responsibility for delay on the prosecution when medical examiner unavailable); *Brannen v. State*, 553 S.E.2d 813, 814-15 (Ga. 2001) (delays due to the unavailability of the state's medical examiners attributable to the Prosecution); *but see Bowling v. State*, 673 S.E.2d 194, 197 (Ga. 2009) (continuance due to "the deployment of one of the State's key witnesses to Iraq in 2007" found to be of "neutral" weight.). But in assigning weight to this delay, we "note the absence of any deliberate attempt on the part of the [Prosecution] 'to delay the trial in order to hamper the defense.'" *Brannen*, 553 S.E.2d at 814 (quoting *Barker*, 407 U.S. at 531); *accord Rodriguez*, 71 V.I. at 596. Although a 5.5-month delay may be significant, we must also analyze the reasons the Prosecution gives for the delay. *See Brannen*, 553 S.E.2d at 814 (citing *Barker*, 407 U.S. at 531). A deliberate attempt to hamper the defendant should weigh heavily against the Prosecution. *Id.* However, where the Prosecution has a valid reason for the delay, the weight placed on the delay is reduced. *See id.* Here, the unavailability of the Prosecution's medical examiner was the cause of the delay, and this was a valid reason. Therefore, this delay weighs against the Prosecution, but only slightly, as there is no evidence the Prosecution was negligent and no evidence of any deliberate attempt by the Prosecution "to delay the trial in order to hamper the defense." *Id.* at 815 (quoting *Barker*, 407 U.S. at 531).

¶ 30     The Superior Court incorrectly identified the sixth delay. On March 2, 2011, 10 days before the start of trial, Alexander filed a *pro se* motion for new counsel; and on March 14, 2011, the day scheduled for jury selection, Alexander filed a motion to continue jury selection and trial. Jury selection went forward as scheduled and was followed by a hearing during which the Superior Court denied Alexander's motion for new counsel. The Superior Court considered that adjournment period until March 28, 2011, a delay. However, on February 28, 2011, the Superior

*Alexander v. Gov't of the V.I.*          2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
16 *of* 22

Court had previously established March 28, 2011, as the date the trial was to begin.[4] Therefore, there was no delay and neither party should be held responsible.

¶ 31    The seventh delay identified by the Superior Court was 99 days. On March 18, 2011, Alexander filed an *ex-parte* motion to hire a forensic pathologist in which he indicated that he would not be prepared for trial until at least April. The Superior Court granted Alexander's motion on March 23, 2011, discharged the jury that had been selected on March 14, 2011, and rescheduled the trial for July 5, 2011. We agree that this delay is attributable to Alexander and does not weigh in his favor.

¶ 32    The eighth delay was 55 days. On June 23, 2011, Alexander filed a motion for continuance, which was granted on July 1, 2011, and resulted in the court's rescheduling of jury selection to August 29, 2011. This delay is again attributable to Alexander and does not weigh in his favor.[5]

¶ 33    The ninth delay was 56 days. On August 3, 2011, Alexander filed a motion in limine. At the August 5, 2011, pretrial conference the Prosecution indicated that it would need time to respond to Alexander's motion and that it was not ready for trial as it was still waiting on DNA evidence from the FBI. Alexander indicated that if the motion in limine was granted he would be ready for trial, but that he would not be ready if the motion was denied. The court then rescheduled jury selection for October 24, 2011. The Superior Court concluded that this delay should not be

---

[4] The Superior Court mentions the February 23, 2011, motion for discovery as contributing to the "delay". However, that motion was heard and decided on February 28, 2011, and the court set the dates going forward with jury selection on the previously decided March 14, 2011, date.

[5] On April 26, 2011, Alexander filed a motion for additional discovery. At the pretrial conference on May 16, 2001, the court ordered that the matter would remain scheduled for jury selection on July 5, 2011, with trial to begin on July 6, 2011. The Superior Court included this motion in its delay analysis, but it seemingly did not affect the date of the trial.

*Alexander v. Gov't of the V.I.*      2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
17 *of* 22

attributed to either party, as neither was prepared to move forward with trial. We disagree. Alexander could not properly assess his readiness for trial or determine what verification was needed without the long-awaited FBI testing results. Any lack of readiness on the part of Alexander was attributable to the Prosecution's inability to obtain its FBI results. Therefore, this delay is solely attributable to the Prosecution and its still outstanding DNA evidence from the FBI, and it weighs slightly in favor of the defendant. *See Gray v. State*, 728 So.2d 36, 48 (Miss. 1998) (delay due to waiting for FBI crime lab backlog "weigh[ed] very slightly, if at all, in favor of the defendant") (citing *Hull v. State*, 687 So.2d 708, 730 (Miss. 1996)).

¶ 34    The tenth delay was 77 days. On October 5, 2011, Alexander filed a motion to dismiss claiming a violation of his right to a speedy trial. At the pretrial conference on the same day, the Superior Court ruled on this motion to dismiss and Alexander's pending motion in limine requesting a full briefing regarding outstanding discovery matters, mainly the DNA test results. The court then rescheduled jury selection to January 9, 2012, and gave strict instructions to the Prosecution to obtain all necessary DNA material by October 28, 2011. The Superior Court had to again postpone the trial because the Prosecution still did not have the DNA evidence back from the FBI, so this delay must be attributed to the Prosecution. Although a delay caused by outstanding DNA results is generally weighed only slightly, *see Taylor*, 162 So.3d at 785, "'the weight we assign to official negligence compounds over time .... [t]hus, our toleration of such negligence varies inversely with its protractedness.'" *Brannen*, 553 S.E.2d at 817 (quoting *Doggett*, 505 U.S. at 657). The Prosecution's inability to secure the DNA analysis necessary for trial contributed in some part to five delays over 2 years. So in this instance, "the reason for the delay is [] weighted [moderately] against the [Prosecution] because of the length of the delay." *Id.*

*Alexander v. Gov't of the V.I.*  2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
18 *of* 22

¶ 35     The eleventh and final delay was 17 days. On October 19, 2011, the trial court issued an order setting forth its instructions and deadlines for the Prosecution's acquisition of DNA evidence and continuing the trial to January 23, 2012. The record is unclear as to why this change was made, but as no additional filings were made, this delay appears to be administrative in nature. The Superior Court held that this minor institutional delay should not be attributed to either party. However, in the Virgin Islands, "where delay remains unexplained on the record, we weigh it against the prosecution." *Rodriguez*, 71 V.I. at 596–97. Accordingly, this short delay is weighed against the Prosecution.

¶ 36     The delays in this case can be attributed to both parties at varying times, with the largest share of the 27.5-month delay being attributed to the Prosecution. However, most of the delays attributable to the Prosecution arose from events outside of its control, excusable conduct, or at worst negligent conduct -- but none of the delays were the result of "deliberate conduct intended to hamper [Alexander's] defense." *Rodriguez*, 71 V.I. at 607 (citing *Barker*, 407 U.S. at 531; *Frye II*, 489 F.3d at 211). Therefore, the delays attributable to the Prosecution should be given less weight. *Rodriguez*, 71 V.I. at 607. Additionally, on more than one occasion neither Alexander nor the Prosecution were ready to proceed with trial and, as a result, both jointly caused the delay. Overall, both Alexander and the Prosecution caused delays of varying weight; however, this factor does not weigh heavily against the Prosecution because the delays attributable to it lacked any deliberate conduct intended to hamper Alexander's defense. *See id.*

### 3. Alexander's Assertion of Speedy Trial Rights

¶ 37     The third *Barker* factor requires us to determine "whether the defendant asserted his speedy trial rights, evidencing a deprivation of his constitutional rights." *Carty*, 56 V.I. at 366. In assessing

*Alexander v. Gov't of the V.I.*            2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
19 *of* 22

this factor, we consider the defendant's responsibility to assert the right to a speedy trial. *Barker*, 407 U.S. at 528-30. In other words, this factor requires a showing that the defendant "manifest[ed] his desire to be tried promptly." *Frye*, 489 F.3d at 212 (internal quotation marks omitted). When represented by counsel, "[a] defendant shows that he has asserted his [speedy trial rights] when he... can identify a motion or evidence of direct instructions to his counsel to assert that right at a time when a formal assertion of his rights would render some chance of success." *Rodriguez*, 71 V.I. at 608 (quoting *Francis*, 63 V.I. at 752); *Barker*, 407 U.S. at 531-32. [A]n assertion of speedy trial rights can also be demonstrated in the form of an objection to a continuance. *United States v. Harris*, 566 F.3d 422, 432 (5th Cir. 2009).

¶ 38    Although Alexander was arrested on October 14, 2009, and arraigned on October 22, 2009, his only mention of speedy trial considerations was made in an October 5, 2011, motion to dismiss. The Superior Court held that although Alexander's motion to dismiss the case was filed more than 12 months after his arrest it was still made at an appropriate time, as it was well within the realm of possibility that the trial court could have granted the motion. However, the Superior Court failed to consider that the substance of a motion to dismiss is relevant to whether it can be considered an assertion of one's right to a speedy trial. *See Gov't of the V.I. v. Pemberton*, 813 F.2d 626, 628–29 (3d Cir. 1987) (finding that the defendant's motion to dismiss did not relieve him of his duty "to make a reasonable assertion of his speedy trial right"). In his motion to dismiss, Alexander only alleged a violation of his right to a speedy trial under the federal Speedy Trial Act. In addition, Alexander's motion to dismiss alleged a failure to prosecute, complained of discovery problems, addressed issues with his pre-trial release conditions, and questioned the fairness of the proceedings, but the motion never requested a speedy trial. Instead, the motion requested that the

*Alexander v. Gov't of the V.I.*          2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
20 *of* 22

Prosecution "decide on which set of facts it's basing its case" and that the court dismiss the matter and release Alexander until "the government gets its act together." In fact, the words "speedy trial" are only used once in Alexander's motion to dismiss, and that was in the context of naming the Speedy Trial Act. Nonetheless, the Superior Court found that this motion qualified as a motion attempting to assert Alexander's speedy trial rights "at a time when a formal assertion of his rights would render some chance of success." *Francis*, 63 V.I. at 752. We disagree. Alexander was represented by counsel and hence, in that circumstance, a motion to dismiss for violation of the right to a speedy trial is not the equivalent of a demand for a speedy trial. *E.g., Stark v. State*, 911 So.2d 447, 452 (Miss. 2005) (Analyzing *Barker* factors: "This Court has previously held that 'a demand for dismissal for violation of the right to speedy trial is not the equivalent of a demand for speedy trial. Such a motion seeks discharge not trial.'") (quoting *Perry v. State*, 637 So.2d 871, 875 (Miss.1994)); *State v. Turner*, 70 A.3d 1027, 1032 (Vt. 2013) ("[a] motion to dismiss based on an alleged violation of the right to a speedy trial is not the equivalent of a demand for an immediate trial."). A demand for a speedy trial gives the State the opportunity to promptly schedule a trial, while a motion to dismiss only offers the "unsatisfactorily severe remedy of dismissal." *Barker*, 407 U.S. at 522. Here, Alexander's conduct does not strongly demonstrate a desire to assert the right to a speedy trial. Because Alexander made no motion asserting his right to a speedy trial or otherwise pointing the Superior Court to any evidence showing an assertion of his speedy trial rights, the third *Barker* factor must weigh against him. *Id.*

### 4. Prejudice to the Defendant

¶ 39    Lastly, we consider whether the more than 2-year delay prejudiced Alexander in any way. This factor—prejudice caused by the delay—"is the most important of the four and must be

*Alexander v. Gov't of the V.I.*  2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
21 *of* 22

demonstrated by the defendant." *Rodriguez*, 71 V.I. at 610. "In evaluating prejudice, we consider the three interests the right to speedy trial is designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Francis*, 63 V.I. at 753; *Barker*, 407 U.S. at 532. Of these three interests, the most important is limiting the possibility that the defense will be impaired. *Id.*

¶ 40    Here, Alexander argues that he was prejudiced because the delays gave his co-defendant Peets time to become a witness for the prosecution.[6] Alexander contends that the delays ensured that Peets had access to discovery information that he then used to falsely testify against Alexander during the trial. However, every defendant has a right to discovery information and even an earlier trial date could not have precluded Alexander's co-defendant from obtaining discovery. Additionally, co-defendants can choose to become witnesses for the prosecution at any time before trial. *Cf. United States v. Vassell*, 970 F.2d 1162, 1165 (2d Cir. 1992) (a delay in a case is not transformed into a Sixth Amendment violation just because the government used the delay to get a co-defendant to testify against a party). Thus, we agree with the Superior Court that Alexander is unable to point to a particular prejudice that impacted his ability to receive a fair trial and has therefore not met his burden to prove prejudice on this issue.

¶ 41    Although more than 27 months passed between Alexander's arrest and trial, a significant portion of the Prosecution's delays can be attributed to not having the necessary DNA evidence

---

[6] Alexander also argues he was prejudiced because the delays caused an alibi witness to be unavailable for his trial. However, this argument is waived because Alexander did not raise this issue before the Superior Court. *See Fontaine v. People*, 62 V.I. 643, 652 (2015) (issues not raised before the Superior Court are deemed waived on appeal) citing [V.I. R. APP. P. 4(h)] ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal."); [V.I. R. APP. P. 22(m)] ("Issues that were not raised or objected to before the Superior Court ... are deemed waived.").

*Alexander v. Gov't of the V.I.*         2024 VI 16
S. Ct. Civ. No. 2021-0004
Opinion of the Court
22 *of* 22

from the FBI, which at most weighs only moderately against it. The Prosecution's other delays were not intended to harm Alexander's defense and therefore are weighed less heavily against it. Alexander failed to show that he asserted his right to a speedy trial and failed to show that he was prejudiced due to the delays. Thus, after balancing the four *Barker* factors, we agree with the Superior Court that Alexander's Sixth Amendment right to a speedy trial was not violated.

## IV. CONCLUSION

¶ 42    The delay of more than 27 months between Alexander's arrest and trial was presumptively prejudicial and warranted further analysis of the three remaining *Barker* factors. Although the Prosecution was responsible for many of the delays, none of the delays were deliberate or intended to hamper Alexander's defense. Moreover, Alexander did not assert his right to a speedy trial, and he failed to show that the 27-month delay prejudiced him. For these reasons, we affirm the Superior Court's order denying habeas relief.

**Dated this 27ᵗʰ day of March, 2024.**

**BY THE COURT:**

**MARIA M. CABRET**
**Associate Justice**

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:** /s/ Jahkyda Coakley
     **Deputy Clerk**

**Dated**: March 27, 2024